IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE MIDWESTERN INDEMNITY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0304-CV-W-ODS |
| | ) | |
| MALISSA BROOKS and | ) | |
| BRADLEY BROOKS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MALISSA BROOKS and | ) | |
| BRADLEY BROOKS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0574-CV-W-ODS |
| | ) | |
| THE ESTATE OF | ) | |
| CLYDE E. LAWRENCE and | ) | |
| THE MIDWESTERN INDEMNITY CO., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER (1) DISMISSING THE ESTATE OF CLYDE E. LAWRENCE, (2)
CONSOLIDATING CASES, AND (3) DENYING MOTION TO DISMISS OR ABSTAIN</u>

These separate lawsuits arise from the following sequence of events. Malissa
Brooks was riding her bicycle when she was involved in an accident with Clyde
Lawrence. At some point after the accident, Lawrence passed away for unrelated
reasons. Malissa and her husband, Bradley, filed suit against Lawrence in state court in
June 2012. In July, they settled their claims against Lawrence by accepting $50,000
(the limit on Lawrence's policy with American National Property and Casualty) and
agreeing not to seek any additional amounts from Lawrence, his heirs, or American
National Property. The agreement preserves the Brooks' ability to seek recovery from
any other assets or sources, including their own insurance coverage. In early 2013, the
Brookses' insurer – The Midwestern Indemnity Company – paid them $100,000, which

was the maximum coverage for a "single application" of the policy's underinsured motorist coverage ("UIM").  A release was executed preserving the Brookses' right to litigate the extent to which their policy with Midwestern Indemnity stacks.

At this point, the jockeying for position began.  In March 2013, Midwestern Indemnity filed suit in federal court (Case No. 13-0304) seeking a declaration that stacking does not apply and the maximum UIM coverage for this accident was $100,000.  In April, the Brookses filed a motion to dismiss, contending its suit against Lawrence's estate constituted a parallel proceeding; even though the claims against Lawrence's estate had been settled, the suit had not been dismissed.  In May, the Brookses amended their state-court suit to add Midwestern Indemnity as a defendant. Midwestern Indemnity removed the case to federal court (Case No. 13-0574) and argued Lawrence's citizenship can be ignored for purposes of evaluating diversity of citizenship because the Brookses have no claim against Lawrence or his estate.

To create order in this procedural thicket, the Court makes the following rulings:

1. The Court dismisses Lawrence's estate from Case No. 13-0574.  Lawrence's estate is not the real party in interest because it cannot be liable on any of the Brookses' claims.  Carden v. Akroma Associates, 494 U.S. 185, 199-200 (1990).  Indeed, once the claims against Lawrence were settled the continuation of the suit against Lawrence was a nullity; the addition of Midwestern Indemnity was the equivalent of taking a new dispute against a new party and placing it in the shell that was the original suit against Lawrence.  Federal jurisdiction should not be defeated by such maneuvering.

2. With Lawrence's estate removed from the picture, the Court concludes the appropriate course is to consolidate the two lawsuits.  They both raise the same issue from different perspectives: Case No. 13-0304 seeks a determination that $100,000 is the limit of coverage, and Case No. 13-0574 seeks a determination that $100,000 is not the limit of coverage.  Therefore, the two suits will be consolidated under the lower case number, and all future filings should be made in Case No. 13-0304.

3. The Brookses' motion to dismiss filed in Case No. 13-0304 (Doc. # 4) is denied. The premise of the motion is that the Court should abstain in favor of the Brookses' state court suit against Midwestern Indemnity.  Removal of that case to federal court effectively removes the underlying basis for the motion.

4.      The Rule 16 Notice issued by Judge Dean Whipple on April 18, 2013, remains in effect.

IT IS SO ORDERED.


                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 12, 2013                             UNITED STATES DISTRICT COURT

3